UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHRISTOPHER COKE,

        Movant,

  -v-                                                No.  19 CV 263-LTS
                                                    No.  07 CR 971-LTS

UNITED STATES OF AMERICA,

        Respondent.

-------------------------------------------------------x

## ORDER

        Christopher Coke ("Movant") moves pursuant to 28 U.S.C. section 2255 for an order vacating his sentence, claiming his rights were violated because (1) his sentence was based on inaccurate information that he obstructed justice, (2) he was not present at his resentencing, and (3) his sentence was based on inaccurate information that he had committed a murder with an axe.  (CV[1] Docket entry no. 1, (the "Petition")).  The Government opposes the motion, arguing that the claims are time barred, procedurally barred, waived by operation of the plea agreement, and fail on the merits.  (CV Docket entry no. 8.)  The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 2255.

        The Court has reviewed the parties' submissions[2] thoroughly and, for the following reasons, denies the motion in its entirety.

---

[1]     The predicates "CV" and "CR" denote docket entries from the civil case 19-CV-263-LTS and 07-CR-971-LTS, respectively.
[2]     CV Docket entry numbers 1, 8, and 20.

BACKGROUND

On August 31, 2011, Movant pleaded guilty, pursuant to a plea agreement, to a two-count information that charged him with racketeering conspiracy, in violation of 18 U.S.C. section 1962(d), and conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. section 1959(a)(6). (CR Docket entry no. 348 ("Plea Tr.").) As part of the plea agreement, Movant agreed not to file a direct appeal or collaterally challenge in a section 2255 application any sentence within or below the stipulated guideline range of 262 to 276 months of imprisonment. At the change of plea hearing, the Court found that Movant's guilty plea was knowing and voluntary. (Id. at 27:1-6, 31:8-15.) The Court asked whether Movant understood that he was giving up his right to file a direct appeal or collaterally challenge a sentence within or below the stipulated guidelines range; Movant confirmed that he understood. (Id. at 15:12-20.)

On May 22 and 23, 2012, the Court held an evidentiary hearing pursuant to U.S. v. Fatico, 603 F.2d 1053 (2d Cir. 1979), to resolve a dispute over Movant's use of violence to control Tivoli Gardens, the Jamaican neighborhood where some of the charged conduct occurred. (CR Docket entry no. 380, ("Fatico Tr.").) At that hearing, the Government's cooperating witness testified that Movant had, among other things, dismembered and decapitated one victim with a power saw (id. at 103-105) and killed two others with a small axe (id. at 108, 122). Movant did not testify at the Fatico hearing, but defense counsel cross-examined the Government's witnesses. (Id.)

On June 8, 2012, the Court sentenced Movant to 276 months of imprisonment, to be followed by four years of supervised release. (CR Docket entry no. 388.) On direct appeal,

the Second Circuit held that the Court had erred in sentencing Movant to two consecutive two-year terms of supervised release and remanded the case for resentencing in that respect.  (CR Docket entry no. 423.)  The Court resentenced Movant on May 14, 2015, to the original 276-month term of imprisonment, to be followed by two years of supervised release on Count One and one year of supervised release on Count Two, the supervised release terms to run concurrently.  (CR Docket entry no. 427.)

## DISCUSSION

A defendant's knowing, voluntary, and competent waiver of his right to bring a motion pursuant to 28 U.S.C. section 2255 is presumptively enforceable.  See U.S. v. Sherrill, 624 Fed. App'x 50 (2d Cir. 2015).  Movant does not argue that his waiver was unknowing, incompetent, or involuntary, but argues that his claims of due process violations at sentencing warrant an exception to the presumption of enforceability.  (CV Docket entry no. 20, at 13.)

"[E]xceptions to the presumption of the enforceability of a waiver, however, occupy a very circumscribed area" of the law, thus, courts in this Circuit have "upheld waiver provisions in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement."  U.S. v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000); see also U.S. v. Arvanitakus, 807 Fed. App'x 35, 38 (2d Cir. 2020).  Exceptions have been made with regard to claims that (1) the waiver was not made knowingly, voluntarily, or competently, (2) the sentence was imposed based on constitutionally impermissible factors, like race or naturalized status, (3) the government breached the plea agreement, or (4) the court abdicated its responsibility at sentencing by failing to state a rationale for the sentence.  See U.S. v. Riggi, 649 F.3d 143, 147

(2d Cir. 2011); Gomez-Perez, 215 F.3d at 319.  The Second Circuit has explained that the justification for these exceptional cases is "the nature of the right at issue and whether the sentence was reached in a manner that the plea agreement did not anticipate."  Riggi, 649 F.3d at 148 (internal citation omitted).  Accordingly, the Circuit stated that, while some constitutional rights may be waived, a defendant may not waive rights "that have an overriding impact on public interests . . . as such a waiver may irreparably discredit[] the federal courts."  Id. (enforcing appeal waiver where there was "no suggestion that the sentencing judge was biased or that he abdicated his judicial responsibility.")

Movant argues that his waiver is void because he was deprived of his right to due process when he was sentenced upon allegedly inaccurate information that he killed someone with an axe and obstructed justice.  (CV Docket entry nos. 1, 20.)  Movant argues that his sentence is therefore based on constitutionally impermissible factors: facts established in violation of due process.  See Gomez-Perez, 215 F.3d at 319.  However, "constitutionally impermissible factors" that the Second Circuit has previously held void a waiver, such as race, see Gomez-Perez, 215 F.3d at 319, or naturalized status, see U.S. v. Jacobson, 15 F.3d 19 (2d Cir. 1994), irreparably discredit the federal courts, while judicial findings based on facts and evidence proffered by the parties do not provide a basis for inferring judicial bias or abdication of the Court's role.

The narrow set of circumstances under which the Court will refuse to enforce a valid waiver reflects a long-standing concern for the finality of judgments, particularly once a defendant's direct appeal has concluded.  See U.S. v. Frady, 456 U.S. 152, 164 (1982) ("Once the defendant's chance to appeal has been waived or exhausted, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity

to present his federal claims to a federal forum."); U.S. v. Granik, 386 F.3d 404, 412 (2d Cir. 2004) ("Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants").  The Court's concern for finality "has special force with respect to convictions based on guilty pleas," and is enshrined by the limitations placed on collateral attack.  U.S. v. Timmreck, 441 U.S. 780, 784 (1979); see also U.S. v. Amaya-Benitez, 69 F.3d 1243, 1248 (2d Cir. 1995); Sawyer v. Whitley, 505 U.S. 333, 345 (1992) ("the exception for actual innocence [on habeas review] is a very narrow exception" to the principle of finality) (internal quotation omitted).

>Movant relies on U.S. v. Doe, 938 F.3d 15, 19 (2d Cir. 2019), for the proposition that due process guarantees a defendant the right to be sentenced upon accurate information. (CV Docket entry no. 20, at 17.)  However, Doe does not militate against upholding the finality of Movant's judgment.  In Doe, the Second Circuit stated that a court's material misapprehension of fact could be grounds for vacating a sentence pursuant to 18 U.S.C. section 3742(a)(1), "especially when the defendant lacks an opportunity to reply."  Doe, 938 F.3d at 19 (citation omitted).  But 18 U.S.C. section 3742(a)(1) provides for the direct appeal of a sentence, while the instant motion, in the nature of a collateral attack, is in a materially different posture.  See Lucas, 963 F.2d at 14 ("It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").  Furthermore, the defendant in Doe had not pleaded guilty or signed a collateral challenge waiver.  As explained above, special concerns supporting the finality of judgments exist in both circumstances.  Movant has not cited, and the Court's research has not uncovered, any case

where a court in this circuit invalidated a collateral challenge waiver to address a claim that a sentencing court relied upon factually inaccurate information.

Movant also argues that that his waiver did not and could not encompass errors that occurred at the Fatico hearing because the hearing took place after he signed the plea agreement. (CV Docket entry no. 20, at 23.) However, waivers are regularly enforced to bar claims of errors that took place after the waiver was signed. See Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005) ("An enforceable waiver bars claims based on grounds that arose after, as well as before, the agreement was signed"); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) ("There is every reason to believe the parties intended the waiver to apply to claims of error at sentencing as well as to claims relating to pre-pleading events since, for a defendant who pleads guilty, the main contested issues are ordinarily about the sentencing.") Indeed, Movant waived his rights knowing that his sentence had not yet been determined: the Court asked Movant at the change of plea hearing whether he understood that his sentence could not be determined until after the presentence report was complete and counsel had an opportunity to object to the facts reported by the probation officer, and Movant acknowledged that he did. (Plea Tr., at 14:20-25.) The Court held a Fatico hearing upon defense counsel's request, after which the Court made its sentencing determination. Accordingly, Movant's sentence was reached in "the manner that the plea agreement . . . anticipate[d]." Riggi, 649 F.3d at 148.

Movant's waiver bars the Motion insofar as it relates to his custodial sentence, as the claims do not fall into any of the narrow exceptions to enforceability recognized in this circuit. See Gomez-Perez, 215 F.3d at 319. Movant knowingly and voluntarily entered a guilty plea and waived his right to bring a collateral challenge of any sentence within the stipulated

guideline range of 262 to 276 months.  He received a sentence of 276 months and is therefore barred from challenging that sentence.  See U.S. v. Morgan, 386 F.3d 376 (2d Cir. 2004) ("[i]n no circumstance[s] . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement") (citation omitted).

Movant also claims that he was denied the right to attend his resentencing hearing, at which the Court imposed the original 276-month custodial term and two- and one-year terms of supervised release, to run concurrently.  (CV Docket entry no. 1.)  To the extent Movant's second claim relates to the imposition of the supervised release terms, Movant's claim is untimely.  28 U.S.C. section 2255(f) imposes a one-year period of limitations which runs from the latest of "(1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. § 2255(f) (Westlaw Pub. Law 116-259).  Here, section 2255(f)(1) supplies the latest date relevant to Movant's second claim.  Because the amended judgment became final on May 26, 2015, see Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (holding a judgment becomes final the day after the time in which to appeal expires), and the instant motion was filed more than three years later, on January 9, 2019 (CV Docket entry no. 1), the motion is untimely as to Movant's second claim.

CONCLUSION

For the reasons stated above, the Petition is denied in its entirety.  The Clerk of Court is requested to enter judgment accordingly.

Movant may not appeal this order unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C.A. § 2253(c)(1) (Westlaw Pub. Law 116-259).  A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.A. § 2253(c)(2) (Westlaw Pub. Law 116-259); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  The Court finds that Movant will not be able to sustain this burden.  The Court declines to issue a certificate of appealability.  The Court further certifies, pursuant to 28 U.S.C. section 1915(a)(3), that an appeal from this order on the merits would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

Dated: New York, New York
April 8, 2021

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge